UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21154-CIV-LENARD/TORRES


WALLACE C. JONES, JR.,

    Plaintiff,

vs.

MICHAEL MOORE, SECRETARY
FLORIDA DEPARTMENT OF CORRECTIONS,

    Defendant.
_____/

ORDER ON DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED CIVIL RIGHTS COMPLAINT

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Amended Civil Rights Complaint [D.E. 29]. Plaintiff responded [D.E. 32] and Defendant replied [D.E. 33]. Plaintiff filed a supplemental response. [D.E. 34]. The matter is fully briefed and ripe for adjudication. For the reasons that follow, Defendant's Motion to Dismiss is **GRANTED**.[1]

## I.   BACKGROUND

This is a *pro se* civil rights suit brought pursuant to 42 U.S.C. § 1983.[2] Plaintiff alleges that prison officials violated his constitutional rights under the 4th, 5th, 8th, 13th, and 14th

---

[1] This matter was referred to the undersigned magistrate judge for a disposition pursuant to 28 U.S.C. § 636.[D.E. 30]. As the relief being entered here is non-dispositive, the Court will enter this Order. The parties may appeal this Order, however, to the District Judge as per S.D. Fla. Mag. J. R. 4(b) and seek de novo review.

[2] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..." 42 U.S.C. § 1983.

Amendments while he was incarcerated in the State of Florida correctional system. Plaintiff seeks $98,600,000,000 in damages, plus court costs.

The Government moves to dismiss Plaintiff's Complaint on six grounds: (i) the Complaint fails to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure; (ii) the Complaint fails to state a cause of action upon which relief can be granted pursuant to section 1983; (iii) the action is barred by the Eleventh Amendment to the United States Constitution; (iv) Defendant is entitled to qualified immunity; (v) Plaintiff does not have standing to prosecute this lawsuit; and (vi) Plaintiff's claims are moot as a matter of law. [D.E. 29 at 1, D.E. 33 at 1]. We suspect (but need not decide) that Plaintiff's Complaint would not withstand many of these facial attacks. Instead, the appropriate disposition is to grant Defendant's Motion to Dismiss because Plaintiff's Complaint violates Rule 8.

## II.  ANALYSIS

In adjudicating a motion to dismiss, all facts set forth in a plaintiff's complaint are to be accepted as true. *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). A complaint will not be dismissed "unless it is plain that the plaintiff can prove no set of facts that would support the claims in the complaint." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Id.*; *see also Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993) ("[Our] duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff].").

At the outset, we note that the pleadings of a *pro se* litigant are held to less stringent standards than those drafted by an attorney, but that litigant must still meet minimal pleading standards. *Eidson v. Arenas,* 155 F.R.D. 215, 219 (M.D. Fla. 1994). While courts

show leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education, this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). In addition, although this Court will give leeway to *pro se* litigants on substantive matters, *pro se* litigants are still required to conform to the procedural rules. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that liberal construction does not mean liberal deadlines); *see also Brooks v. Britton*, 669 F.2d 665, 667 (11th Cir. 1982) (holding that *pro se* litigants are required to move timely for an extension of time in order to file a late notice of appeal).

### A.     *Rule 8(a)(2) Requirements*

To survive a motion to dismiss, a complaint must contain a short and plain statement of the facts that shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Kyle v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000). A pleading under Rule 8 should give opposing parties fair notice of the nature of the claims and the basis or grounds for it:

> In determining whether a pleading meets the standard of Fed. R. Civ. P. 8(a)(2), it must be construed so as to do substantial justice as required by Fed. R. Civ. P. 8(f). And, the most practical way to "do substantial justice" and comply with the rules of procedure, is to state the prima facie elements of the claim or claims. Furthermore, in the interest of clarity and good pleading, a Plaintiff should clearly and specifically state the grounds upon which his various causes of action depend, since such a statement is necessary in order to present Defendants with a Complaint to which they can readily prepare an answer, as well as to facilitate future proceedings in the case.

*Eidson v. Arenas,* 155 F.R.D. 215, 220 (M.D. Fla. 1994) (internal citations omitted).

While Rule 8 allows a Plaintiff considerable leeway in framing its complaint, the Eleventh Circuit has tightened the application of Rule 8 with respect to § 1983 cases in an effort to identify meritless claims. *See GJR Investments*, 132 F.3d at 1367 ("Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims."). Accordingly, a §

1983 plaintiff must allege with specificity the facts which make out his claim. *See Wilson v. Strong*, 156 F.3d 1131, 1134 (11th Cir. 1998) ("[T]he contours of an asserted constitutional right 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'") (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). Factual detail in the pleadings is particularly necessary in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right. *See GJR Investments*, 132 F.3d at 1367 (11th Cir. 1998).[3] Notably, "shotgun" pleadings do not provide a "short and plain statement of the claim." *Magluta v. Samples*, 256 F.3d 1282, 1283 (11th Cir. 2001).

### B.     *Plaintiff's Complaint Violates Rule 8(a)(2)*

The Complaint fails to include a short and plain statement of the facts. Plaintiff's Complaint is fifty pages in length, single-spaced, and typed in a smaller than normal font size. The prolix "statement of the case" does not contain a single paragraph break, and reads more like a diary entry than a pleading. Therefore, the Complaint does not pass muster under Rule 8(a)(2), even without the additional hurdle of the heightened pleading standard. Assuming *arguendo* that the Complaint contains sufficient facts to bring a § 1983 claim, these facts are buried beneath innumerable pages of rambling irrelevancies. *Magluta*, 256 F.3d at 1284 (mandating that the district court enter an order striking the complaint and that the parties

---

[3]     This is so because qualified immunity is not merely immunity from liability, it is immunity from suit. *See Leatherman v. Tarrant County Narcotics Intelligence Coordination Unit*, 507 U.S. 163, 166-67, 113 S. Ct. 1160, 1162, 122 L. Ed. 2d 517 (1993). While the Supreme Court stated in *Leatherman* that courts may not impose heightened pleading standards in 1983 cases against municipalities, both the Supreme Court and the 11th Circuit have declined to extend *Leatherman's* holding to cases involving individual government officials. *See id.* at 167-68, 113 S. Ct. at 1162; *GJR Investments, Inc.*, at 1368; *see also Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001) (*en banc*) (holding that unsupported conclusions of law or mixed questions of fact and law have long been recognized as not to prevent a Rule 12(b) dismissal).

replead all claims to conform to the requirements of Rule 8 and the heightened pleading requirement).

Plaintiff does not specify the individual or individuals who allegedly mistreated him in prison, though it is plainly obvious that the named defendant had not participated in every complained of act. Further, he fails to identify a causal connection between his injuries and Defendant's "violations" of § 1983:

> "The defendant imposing a psyche grade upon me, subjecting me to mental care / evaluation to which the official daily passed me a therapeutic food tray and upon my complaint, told me if I do not take the food tray, he'll take it as I refused to eat, thus I was not under civil commitment or consental (sic) of care, violated my right to liberty."

[D.E. 20 at 16]. No competent lawyer, whether skilled in § 1983 claims or not, could compose an answer to this vague allegation "that would be in keeping with what the framers of the Rules envisioned in fashioning Rule 8(b)." *Davis v. Coca-Cola Bottling Co. Consolidated*, No. 05-12988, 2008 WL 314962, at *11 (11th Cir. Feb. 6, 2008).[4]

The Complaint further warrants dismissal because the purported constitutional violations are not "sufficiently clear." *See Wilson v. Strong*, 156 F.3d at 1134. For example, Plaintiff alleges that Defendant enforced "involuntary biofeedback training by and thru implanted device, to which caused me to have erections against my natural will," [D.E. 20 at 26], but fails to identify where in the Constitution this particular right may be found. By any measure, Plaintiff's allegations fail to sufficiently apprise Defendant of the nature of the claims against him.

We also find that Plaintiff's Complaint is a quintessential "shotgun" pleading, and is in no sense the "short and plain statement of the claim" required by Rule 8(a)(2). It raises

---

[4]   "[A] party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1).

approximately 450 distinct civil rights violations. The Complaint presents scores of allegations regardless of their relevance, and reiterates them in their entirety into several counts asserting discrete claims for relief, each of which contains references to haphazardly described constitutional "rights." *See GJR Investments,* 132 F.3d at 1368.  For instance, Plaintiff's Complaint contains the following charges:

> "The defendant enforcing involuntary psychiatric treatment on me thru (EMG) implanted devices which seized my mind of thinking and created profound thinking, thus I was not under civil commitment, violated my right to freedom of speech ... to intellectual freedom ... to enjoy and defend life / liberty ... to pursue happiness ... to be secure in my person ... to be free from cruel and unusual punishment ... to be free from intentional infliction of mental stress ... to be free from general suffering ... my right mental anguish ... to be free from official intrusion into my natural person ... my right to privacy ... to be let alone by prison officials ... to be free from involuntary servitude ... [and] my right not to be taken for official use without just compensation.

[D.E. 20 at 4-6]. As the entire Complaint uses this "shotgun" tactic, it is virtually impossible to know which allegations of facts are intended to support which claims for relief, and Defendant cannot be expected to frame a responsive pleading. *See Anderson v. Dist. Bd. of Tr.*, 77 F.3d 364, 366-67 (11th Cir. 1996) ("[U]nless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.").

Though this issue was not raised by Defendant, we note that Plaintiff's Complaint completely disregards Fed. R. Civ. P. 10(b)'s requirement that discrete claims should be pled in separate counts. *See Anderson*, 77 F.3d at 367 (11th Cir. 1996).  District courts confronted by such complaints have the inherent authority to demand repleader *sua sponte*. *Id.* at 1284-1285 (remanding the case for the district court to enter an order striking the complaint and requiring a repleading conforming to the pleading requirements).

### *III.   CONCLUSION*

Based upon a thorough review of the record and the motions filed by the parties, we hereby **GRANT** Defendant's Motion to Dismiss, and Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

Plaintiff has leave to file an amended complaint that identifies in each separate court the specific facts that give rise to that claim, the person or persons alleged to be liable on that claim, and the legal relief sought.  Plaintiff has thirty (30) days within which to file an amended complaint.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 11th day of February, 2008.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
Honorable Joan A. Lenard
All counsel of record

Wallace C. Jones
P.O. Box 471986
Miami, FL 33247-1986